IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEVON MURRAY,<br><br>    Plaintiff(s),<br><br>v.<br><br>VERIZON WIRELESS, LLC,<br><br>    Defendant. | No.: 2:24-cv-00273 |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT**

**I.   PRELIMINARY STATEMENT**

Plaintiff contends that Verizon violated his constitutional rights under the First Amendment by terminating his employment following his use of the "N word." This argument is without merit. The First Amendment limits state—not private—actors. Because Verizon is a private employer and not a state actor, the constitutional protections of the First Amendment do not apply. Moreover, Verizon maintains the right to regulate its workplace to prevent misconduct, including by terminating employees who use racial slurs. Accordingly, Plaintiff's Partial Motion for Summary Judgment should be denied.

**II.   STATEMENT OF FACTS**

The relevant facts on which this motion is based are set forth in the Parties' Joint Statement of Undisputed Fact (ECF No. 33) and Defendant's Motion for Summary Judgment (ECF No. 34).

**III.   ARGUMENT**

Plaintiff's argument that the First Amendment entitles him to use the "N word" at work with impunity is deeply misguided. It is black letter law that the First Amendment applies to government actors, <u>not</u> private entities such as Verizon. *See Fogarty v. Boles*, 121 F.3d 886, 890 (3d Cir. 1997) ("It must be remembered that the First Amendment applies only to public employers…"); *Fraser v. Nationwide Mut. Ins. Co.*, 135 F. Supp.2d 623, 643 (E.D. Pa. 2001) ("[C]onstitutional protection of free speech is not generally applicable to private employers") (quoting 11 West's Pa. Forms §§ 5.15).

Courts have long rejected Plaintiff's argument that the First Amendment prevents a private employer from terminating employees for using offensive language. Indeed, a private employer may discharge an at-will employee even for speech which is in other contexts protected by the Constitution. *Martin v. Capital Cities Media, Inc.,* 511 A.2d 830, 843 (1986) ("Even when the Constitution allows one to speak freely, it does not forbid an employer from exercising his judgment to discharge an employee whose speech in some way offends him."). Were the law as Plaintiff wishes it to be, an employee could never be discharged for misconduct, however insulting or detrimental, so long as it took the form of speech. *Durham v. Fleming Cos.*, 1989 U.S. Dist. LEXIS 4214, at *6 (E.D. Pa. Apr. 24, 1989).

Plaintiff's reliance on Justice Alito's concurrence in *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507 (2022) is unavailing. *See* Pl.'s Mot. Summ. J., at ¶¶ 42-47. *Bremerton* is a First Amendment case involving the "speech rights of public school employees"—that is, "*government* employees paid in part to speak on the government's behalf and convey its intended messages." *Bremerton*, 597 U.S. at 527 (emphasis added). Plaintiff was not a government employee; *Bremerton* is thus irrelevant to assessing his wrongful termination claim.

Likewise, Plaintiff's invocation of *Heffernan v. City of Paterson*, 578 U.S. 266 (2016) (the only other case he cites in support of his position), is fundamentally flawed because it ignores the critical distinction between public and private actors in the context of First Amendment protections. In *Heffernan*, the Supreme Court held that a public employee could bring a First Amendment retaliation claim against a *government employer* based on the employer's perception of the employee's protected speech—even if that perception was mistaken. However, the key premise underlying *Heffernan* was that the employer—the City of Paterson—was a government entity subject to constitutional constraints.

By contrast, Verizon is a *private* employer. Plaintiff's attempt to analogize his situation to that in *Heffernan* and *Kennedy* is therefore inapposite. Unlike a public employee, Plaintiff has no constitutional claim arising from the employment decisions of a private company, regardless of whether he believes those decisions were based on protected expression.

## IV.     CONCLUSION

Accordingly, for all the foregoing reasons, Plaintiff's Partial Motion for Summary Judgment should be denied.

                Respectfully submitted,

                **JACKSON LEWIS P.C.**
By:   */s/ Stephanie J. Peet*
                Stephanie J. Peet, Esq. (PA No. 91744)
                Zachary M. Halpern, Esq. (PA No. 334087)
                Three Parkway
                1601 Cherry Street, Suite 1350
                Philadelphia, PA 19102
                T: (267) 319-7802
                Stephanie.Peet@jacksonlewis.com
                Zachary.Halpern@jacksonlewis.com
                *Attorneys for Defendant*

Dated: August 29, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of August 2025, a true and correct copy of Defendant's Opposition to Plaintiff's Partial Motion for Summary Judgment, a Proposed Form of Order, and this Certificate of Service were served upon the following counsel of record via the Court's electronic filing system:

Neil M. Hilkert, Esq.
Lida L. Bonner, Esq.
600 W. Germantown Ave., Suite # 400
Plymouth Meeting, PA 19462
Phone: (610) 940-1663
neil@paxlegalllc.com
lida@paxlegalllc.com
*Attorneys for Plaintiff*

*/s/ Stephanie J. Peet*
Stephanie J. Peet, Esq.